{¶ 1} Appellant, Alan Johnson, appeals the June 14, 2004 judgment entry, in which the Conneaut Municipal Court found him guilty of driving in marked lanes and fined him $50.
 {¶ 2} Appellant was issued a citation on May 30, 2004, for not driving in marked lanes, in violation of the city of Conneaut Codified Ordinance Section 331.08(A). Appellant initially entered a plea of not guilty to the charge on June 8, 2004. Thereafter, a bench trial was held. Officer Steve Perkio ("Officer Perkio") of the Conneaut Police Department testified that on the morning of May 20, 2004, at 1:46 a.m., while he was on patrol, he observed a car, which was directly in front of him, driven by appellant, cross over the double yellow line. He stated that "approximately half the vehicle [crossed over the line] at an extreme excessive slow speed and then continued back over." Officer Perkio activated his overhead lights, approached appellant, and issued him a citation. Officer Perkio further indicated that he did not observe any obstructions in the roadway that appellant traveled. Officer Perkio related that he was able to travel the same path as appellant without any difficulties.
 {¶ 3} Appellant took the stand and stated that he was driving through downtown Conneaut. He was visiting from Georgia because his father had recently passed away. Appellant left his father's house where he had been working and was on his way to his grandmother's house to spend the night. He explained the he was driving slowly to avoid potholes, and he did not recall crossing the double yellow line. When Officer Perkio stopped him, appellant told him that he was not swerving, but he was attempting to avoid the potholes. Appellant attempted to introduce into evidence repair bills on his car. He indicated that he had filled out Lemon Law papers. However, the trial court did not take in the evidence and stated that it did not affect this case.
 {¶ 4} In rendering its decision, the trial court stated that the problem with appellant's car was not a factor that the court was going to take into consideration because there was no culpable mental state requirement for him to be found guilty of the violation for which he was charged. The court proceeded to indicate that based on the information supplied by appellant that "Officer Perkio did testify correctly, when he claimed [appellant] at one point in time did cross a — cross the double yellow line, and * * * testified that you were driving slowly. * * * You [appellant] confirmed what he said."
 {¶ 5} In a judgment entry dated June 14, 2004, the trial court found appellant guilty of driving in marked lanes and fined him $50. It is from that entry that appellant timely filed the instant appeal and now assigns the following as error:
 {¶ 6} "[1.] The trial court erred to the prejudice of [appellant] and against the manifest weight of the evidence by finding [appellant] guilty of Section 331.08(A) of the city of Conneaut Codified Ordinances.
 {¶ 7} "[2.] The trial court erred to the prejudice of [appellant] by refusing to consider evidence demonstrating special circumstances causing [appellant] to leave his lane of travel."
 {¶ 8} In the first assignment of error, appellant claims that the trial court's decision was against the manifest weight of the evidence.
 {¶ 9} As an initial matter, we note that, at trial, appellant did not challenge the sufficiency of the evidence presented. As a result, he has waived any claim that his conviction was based on insufficient evidence. Therefore, we must presume that his conviction is based on sufficient evidence.
 {¶ 10} When deciding if a verdict is against the manifest weight of the evidence, this court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and "determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v.Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 WL 738452, at 5. Unlike a sufficiency of the evidence challenge, a manifest weight of the evidence claim contests the believability of the evidence presented. Schlee, supra, at 4. A judgment of a trial court should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." Thompkins at 387. Furthermore, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 11} In Dayton v. Erickson (1996), 76 Ohio St.3d 3, paragraph one of the syllabus, the Supreme Court stated that any violation of the law justifies stopping a vehicle regardless of the officer's subjective reasons for doing so. Appellant alleges that there were "special circumstances" that allowed him to violate Section 331.01(A) of the Conneaut Codified Ordinance as set forth in State v. Hodge, 147 Ohio App.3d 550,2002-Ohio-3053. The Hodge case defined R.C. 4511.33(A), which resembles Section 331.01(A), and stated that "* * * the legislature intended only special circumstances to be valid reasons to leave a lane, not mere inattentiveness or carelessness. To believe that the statute was intended to allow motorists the option of when they will or will not abide by the lane requirement is simply not reasonable." Id. at ¶ 43. Thus, the Hodge court concluded that the officer in that case had a reasonable and articulable suspicion that a violation of the law occurred when he saw the defendant leave "the lane in which he was traveling when it was practicable to stay within his own lane of travel." Id. at ¶ 50.
 {¶ 12} In the instant matter, Officer Perkio testified for the city of Conneaut that he observed appellant's vehicle cross the double yellow line and drive very slowly. Officer Perkio also indicated that there was nothing obstructing appellant's view that would warrant crossing the line. Appellant then testified and admitted that he was driving slowly. He claimed that he was avoiding potholes. Hence, by admitting he was driving slowly and avoiding potholes, he confirmed Officer Perkio's testimony.
 {¶ 13} Weighing this evidence and all reasonable inferences, we cannot conclude that the trier of fact clearly lost its way and "created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Quite simply, the credibility to be accorded each of the witnesses was for the trier of fact. The court elected to believe Officer Perkio's version of the stop, which appellant confirmed. We cannot say that this was error. Appellant's first assignment of error is without merit.
 {¶ 14} For the second assignment of error, appellant alleges that the trial court erred by refusing to consider evidence demonstrating special circumstances which caused him to leave his left lane of travel.
 {¶ 15} "[A] trial court has broad discretion in the admission or exclusion of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, this court should be slow to interfere." State v.Hymore (1967), 9 Ohio St.2d 122, 128. A finding that a trial court abused its discretion implies that the court acted unreasonably, arbitrarily or unconscionably. State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 {¶ 16} Here, appellant wanted to introduce evidence that demonstrated a special circumstance caused his vehicle to move outside of the lane of travel. Appellant's "special circumstance" was that he was driving a defective car. It is our view that that was not the type of special circumstance envisioned by Hodge.
In Hodge at ¶ 43, the court stated that "[t]he legislature did not intend for a motorist to be punished when road debris or a parked vehicle makes it necessary to travel outside the lane. Nor, * * * did the legislature intend this statute to punish motorists for traveling outside their lane to avoid striking a child or animal." Appellant claims his car was a lemon. This was a situation he was aware of before he began driving on the night in question. Therefore, he should not have been operating the vehicle. It is our position that appellant has not demonstrated any "special circumstances." Appellant's second assignment of error is meritless.
 {¶ 17} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Conneaut Municipal Court is affirmed.
O'Neill, J., Grendell, J., concur.